# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | CASE NO. |
| v. | MAGISTRATE NO. |
| **JARED MILLER,** | VIOLATIONS: |
| Defendant. | 18 U.S.C. § 1752(a)(1) (Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority) |
| | 18 U.S.C. § 1752(a)(2) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds) |
| | 18 U.S.C. § 1752(a)(4) (Engaging In Physical Violence in a Restricted Building or Grounds) |
| | 40 U.S.C. § 5104(e)(2) (E) (Obstruct, or impede passage through or within, the Grounds or any of the Capitol Buildings) |
| | 40 U.S.C. § 5104(e)(2)(F) (Violent Entry and Disorderly Conduct) |
| | 18 U.S.C. § 111(a)(1) (Assaulting, Resisting, or Impeding Certain Officers) |
| | 18 U.S.C. § 231(a)(3) (Civil Disorder) |

## AFFIDAVIT IN SUPPORT OF MOTION TO SEAL CRIMINAL COMPLAINT

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully moves for an order to place and maintain under seal, until the Arrest Warrant is executed, the Criminal Complaint and Arrest Warrant in the above-captioned matter, as well as this Affidavit in Support of Motion to Seal Criminal Complaint, the proposed Order attached to this motion, and any Order granting this motion. In support thereof, the government states as follows:

1. The United States is investigating allegations that Jared Miller willfully and knowingly entered the United States Capitol building and grounds on January 6, 2021, without legal authority, and participated in civil disorder and violent and disorderly conduct in violation of

18 U.S.C. §§ 1752(a)(1), (2)(4) and 40 U.S.C. §§ 5104(e)(2) (E),(F), and 18 U.S.C. §111(a)(1), and 18 U.S.C. § 231(a)(3).

2. This Affidavit references evidence gathered in the course of the investigation. The evidence includes statements identifying the defendant by a Special Agent of the Federal Bureau of Investigation. The public disclosure of the government's evidence could compromise the integrity of the investigation, including the ability of the United States to locate and arrest the defendant, and could needlessly expose the statements of the identifying officer before the defendant has been apprehended. Thus, a sealing order is necessary to avoid hindering the ongoing investigation in this matter.

3. As stated in Washington Post v. Robinson, 935 F.2d 282, 288 (D.C. Cir. 1999), there is a presumption of access to Court proceedings. However, this can be overridden if "'(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'" Id. at 290 (quoting Oregonian Pub. Co. v. United States Dist. Court, 920 F.2d 1462, 1466 (9th Cir. 1990)).

4. In this matter, the United States has a compelling interest in preserving the integrity of its investigation and arresting the defendant. A limited sealing order ensuring that filings related to the Criminal Complaint and Arrest Warrant are not accessible from the Court's public files is narrowly tailored to serve a compelling interest.

5. Furthermore, the United States respectfully submits that complying with the normal notice requirements of Washington Post would defeat the purpose of the motion to seal. Persons who know the criminal justice system also know that docketing a motion to seal an Affidavit in Support of Criminal Complaint and Arrest Warrant, or a resulting sealing order, means that the defendant is charged with a crime, and the Government intends to arrest him. Thus, if this Motion

or a sealing order were to become public, it would be the same as making public the Complaint and Arrest Warrant.

**WHEREFORE**, the United States respectfully requests that this Court issue an Order directing that the Clerk of the Court place and maintain under seal, until execution of the Arrest Warrant, the Affidavit in Support of Criminal Complaint, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion.

Respectfully submitted,

MATTHEW GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

by:   /s/*Rebekah Lederer*
REBEKAH LEDERER
PA Bar Number 320922
Assistant U.S. Attorney
601 D St. NW
Washington, D.C. 20530
Telephone: (240) 278-2129
Email: rebekah.lederer@usdoj.gov